# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ERIN ROLAND,[1]

        Petitioner,

vs.

EARL HOUSER,

        Respondent.

Case No. 3:21-cv-00135-RRB

## SCREENING ORDER

Erin Roland, representing himself from Goose Creek Correctional Center, has filed a habeas petition under 28 U.S.C. § 2241, claiming that the state court is violating his rights in two state criminal cases in which he is a pretrial detainee.[2] He alleges:

(1) "Speedy Trial Violation [under] 18 [U.S.C.] § 3161(h)," citing "*McNeely v. Blanas*, 336 F.3d 822. The state is responsible for the delay of my case 3 plus years impaired the memories of the witness. I will never have a fair trial."[3]

---

[1] Erin Roland filed his petition with his first and last names reversed. Docket 1. The Court will change the caption in this action to reflect that Erin is the first name and Roland is the last name of the petitioner, so as to address the correct state court cases being challenged. *See* footnotes below regarding judicial notice and state court cases.

[2] Docket 1 (referencing 3AN-18-00316CR and 3AN-20-08905CR). Mr. Roland has also filed an application to waive the $5.00 filing fee for this case, and a motion for appointment of counsel. Dockets 3, 4.

[3] *Id*. at 6–7.

(2) "Ineffective Counsel – All 4 counsel … in not upholding the rights of defendant Roland Erin to have effective assistance of counsel…. acts of dishonesty, obstruction of justice."[4]

(3) "'Due Process' Violation!  3 years without meaningful participation. 4 counsel that will avoid my request of due process. NO Remedy!"[5]

(4) "'Obstruction of Justice.' Covid-19 is not a[n] excuse for delays.  All 4 counsel (state appointed) are in conspiracy with the DA, Judge by allowing corruption in the superior court.  Delay after delay without my consent….  This must go to the 9th Cir. in California out of Alaska - & appeal to the U.S. Supreme Court."[6]

For relief, Mr. Roland wants this Court to "dismiss my case for violation of speedy trial, due process & obstruction of justice."[7]

The Court takes notice judicial notice[8] that, in Alaska Superior Court Case No. 3AN-18-00316CR, Mr. Roland was arraigned on Class C felony forgery and

---

[4] *Id*. at 7.

[5] *Id*.

[6] *Id*. at 8.

[7] *Id*.

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...."  *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court

theft charges in December 2018, and he was charged with misdemeanor charges of violating the conditions of his release on both January 10, 2018, and June 15, 2019; and that in Case No. 3AN-20-08905CR, he was arraigned in November 2020 for a Class C felony of escape, and Class A misdemeanors involving resisting arrest, assault, and violating conditions of release for a felony.[9]

The Supreme Court for the State of Alaska and its Chief Justice have issued Special Orders regarding COVID-19 and criminal jury trials. Trials involving both felonies and misdemeanors are being held, after being postponed beginning on March 15, 2020, when Alaska's speedy trial rule was suspended.[10] In the spring and summer of this year, vaccinations for COVID-19 were being given to Alaskans in more significant numbers,[11] and trials gradually resumed.

The public record shows that a trial setting conference was set for November 26, 2019, within a year of Mr. Roland's arraignment in his 2018 case, but that Mr. Roland failed to appear, and a warrant for his arrest was issued.[12] The

---

proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[9] *See* https://records.courts.alaska.gov/eaccess/searchresults, *State of Alaska v. Erin Alonzo Roland,* 3AN-18-00316CR and 3AN-20-08905CR.

[10] *See* http://www.courts.alaska.gov/covid19/index.htm#socj.

[11] *See id*.; https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com (as of 7/2/21, 637,798 Covid-19 vaccine doses had been given in Alaska).

[12] *Alaska v. Roland*, 3AN-18-00316CR.

court record in the case also shows that his lawyer filed a motion to dismiss the indictment on June 15, 2021, and the State of Alaska filed its opposition on June 24, 2021.[13] A discovery hearing is currently scheduled for July 13, 2021.[14]

## SCREENING REQUIREMENT

Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241.[15] A petitioner may properly challenge state pretrial detention under § 2241.[16] But a court must "promptly examine" a habeas petition, and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion..."[17] In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[18]

---

[13] *Id.*

[14] *Id.*

[15] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[16] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

[17] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[18] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[19] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[20] 28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction[21] over a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[22]

### I. Appropriate Relief

Section 2241 is the proper avenue for a state prisoner who wishes to challenge state custody without a state judgment.[23] When examining a § 2241 petition from a pretrial detainee claiming a violation of his or her right to a speedy trial, a significant delay in the proceedings must be shown.[24] In his 2018 criminal

---

[19] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[20] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[21] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[22] 28 U.S.C. § 2241(c)(3).

[23] *Stow*, 389 F.3d at 886 ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition.") (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

[24] *See Barker v. Wingo,* 407 U.S. 514, 530–31 (1972).

Case 3:21-cv-00135-RRB, *Roland v. Houser*
Screening Order
Page 5 of 12

case, Mr. Roland was arraigned just over 2½ years ago.[25]  And in the 2020 case, Mr. Roland was arraigned less than eight months ago, and a pretrial conference was held in that case on May 4, 2021.[26]

In *McNeely v. Blanas*, the Ninth Circuit found a delay of three years to be substantial, such that prejudice was presumed, triggering an inquiry under *Barker v. Wingo*.[27]  The four-part test articulated by the Supreme Court in *Barker* is used to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[28]  The factors to be considered in a *Barker* inquiry include: "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay.  No single factor is necessary or sufficient."[29]

For relief, Mr. Hall requests that the Court dismiss his cases.[30]  A speedy trial claim may be reviewed under § 2241 if a pretrial detainee is seeking to compel

---

[25] *See Alaska v. Roland*, 3AN-18-00316CR.

[26] *See Alaska v. Roland*, 3AN-20-08905CR.

[27] *McNeely*, 336 F.3d 822, 826 (9th Cir. 2003); *Barker,* 407 U.S. at 530.

[28] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

[29] *Id.* (citing *Barker*, 407 U.S. at 530); *see also United States v. Sheikh*, No. 2:18-cr-00119 WBS, ___ F. Supp. 3d ___, 2020 WL 5995226, at *3 (E.D. Cal. Oct. 9, 2020) (Discussing the right to a speedy trial in a federal criminal case, explaining that "the coronavirus alone does not give the court the liberty to simply exclude time. Rather, the court must conduct a 'deliberate inquir[y] into whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case.'") (citation omitted).

[30] Docket 1 at 8.

the state to bring him to trial, but federal courts do not address the merits underlying the state charges.[31]

## II. Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[32] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[33] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from

---

[31] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted); *McNeely*, 336 F.3d at 832 ("Because his Sixth Amendment right to a speedy trial has been violated, Petitioner should be immediately released from custody with prejudice to re-prosecution of the criminal charges. *See Strunk v. United States,* 412 U.S. 434, 439–40 … (1973) (holding that violation of Sixth Amendment speedy trial rights requires dismissal)."); *Stow,* 389 F.3d 880 (affirming habeas relief for state pre-trial detainee who claimed double jeopardy); *Dominguez v. Kernan*, 906 F.3d 1127 (9th Cir. 2018) (a state pretrial detainee should bring federal double-jeopardy challenge under § 2241).

[32] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[33] *Younger*, 401 U.S. at 54*; see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"); *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[34]

The Court of Appeals for the Ninth Circuit has directly addressed abstention, regarding a claim that a state court violated the right to a speedy trial, explaining:

> *Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[35]

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Roland's criminal cases in the state courts remain ongoing. Mr. Roland's allegation, that he is being denied his right to a speedy trial in state court, should be addressed in his state court criminal proceedings.[36] This Court should not interfere with the trial court's fact-finding responsibilities and legal decisions in that case, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[37]

---

[34] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[35] *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) (*citing Arevalo,* 882 F.3d at 764, 766–67).

[36] *See Brown,* 676 F.3d at 900–01 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[37] *Page,* 932 F.3d at 903.

Given that Mr. Roland skipped out on his trial setting conference, and that there is now a motion to dismiss the indictment before the Superior Court, the 2018 state case is not a case requiring federal intervention. Likewise, because a pretrial conference was held on May 4, 2021, in his 2020 case, less than six months after arraignment, this too is not a case requiring federal intervention.[38]

## III. Exhaustion

Exhaustion is required under common law before bringing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241.[39] Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed, and the petitioner exhausts the available state judicial remedies, unless special circumstances warranting federal intervention prior to a state criminal trial are found. A violation of the right to a speedy trial is not, alone, an extraordinary circumstance warranting federal intervention.[40] Before bringing

---

[38] *See Alaska v. Roland*, 3AN-20-08905CR.

[39] *See Braden*, 410 U.S. at 488 (allowing petitioner to raise speedy trial claim prior to trial under 28 U.S.C. § 2241, where he had exhausted *available* state remedies); *Stow*, 389 F.3d at 886; *Reem v. Hennessy*, Case No. 17-cv-06628-CRB, 2017 WL 6765247, at *2 (N.D. Cal. Nov. 29, 2017) ("The exhaustion requirement addresses the same concerns of comity between federal and state courts as *Younger* does. *See Dickerson v. State of La.*, 816 F.2d 220, 225–26 (5th Cir. 1987) ('The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.').").

[40] *Carden*, 626 F.2d at 83–85.

a federal speedy trial claim, Mr. Roland must first exhaust all available state court remedies as to his claim.[41]

## IV. Frivolous Claims

Mr. Roland brings his speedy trial claim because he was arrested and arraigned 2½ years ago, on charges still pending.[42] However, his assertions that the state courts have used Covid-19 as an excuse to delay trials within the last year as part of a conspiracy, are frivolous.

Frivolousness may include not only allegations that "lack an arguable basis in either law or in fact," but allegations that are clearly "fanciful," "baseless," "fantastic," or "delusional."[43] As explained by the Court of Appeals for the Ninth Circuit:

> The global COVID-19 pandemic has proven to be extraordinarily serious and deadly. In response, many state and local governments entered declarations curtailing operations of businesses

---

[41] *See, e.g., Stack*, 342 U.S. at 6-7 ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, … 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a speedy trial…. Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

[42] *See* Docket 1 at 6. Mr. Roland's reliance on 18 U.S.C. § 3161(h) is misplaced, because the *federal* Speedy Trial Act does not apply to trials in *state* courts. However, state court defendants still have a right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution.

[43] *Denton v. Hernandez*, 504 U.S. 25, 31–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989)).

and governmental entities that interact with the public. Beginning on March 13, 2020, the Central District of California—in light of the exigent circumstances brought on by the pandemic and the emergencies declared by federal and state officials—issued a series of emergency orders….

    Each order was entered upon unanimous or majority votes of the district judges of the Central District with the stated purpose "to protect public health" and "to reduce the size of public gatherings and reduce unnecessary travel," consistent with the recommendations of public health authorities.[44]

The Covid-19 pandemic is real.[45] The Court will not grant relief based upon frivolous claims of conspiracies.

Therefore, **IT IS HEREBY ORDERED:**

1. This case is DISMISSED without prejudice to pursuing appropriate claims in the state criminal cases.

2. All outstanding motions are DENIED.

3. The Court, having concluded that Petitioner has not made a substantial showing of the denial of a constitutional right, DENIES a certificate of

---

[44] *United States v. Olsen*, 995 F.3d 683, 687 (9th Cir. 2021) (citations omitted).

[45] *See* https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com (as of 7/2/21, over 33 million Covid-19 cases and over 600,000 deaths in the U.S.; 68,478 Covid-19 cases and 370 Alaska resident deaths; and nearly 4 million Covid-19 deaths reported worldwide).

appealability.[46] Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.[47]

    4.    The Clerk of Court shall file a Judgment accordingly.

Dated at Anchorage, Alaska this 7th day of July, 2021.

                                        */s/ Ralph R. Beistline*
                                        RALPH R. BEISTLINE
                                        Senior United States District Judge

---

[46] *See* 28 U.S.C. 2253(c)(1). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
    (a) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
    *See Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (citation omitted); *see also Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir. 2009) ("We conclude that the mere fact that a habeas petition is filed pursuant to § 2241(c)(3) does not exempt that petition from § 2253(c)(1)(A)'s COA requirement
    For the reasons set forth in this Order, Mr. Roland has not made a substantial showing of the denial of a constitutional right, or that jurists of reason could disagree with the district court's resolution, or that he deserves encouragement to proceed further. *Banks*, 540 U.S. at 705. Mr. Roland has not been incarcerated for a substantial time under federal law, especially considering the pandemic that delayed criminal proceedings nation-wide, and Mr. Roland's failure to appear for his trial scheduling conference prior to the pandemic. Mr. Roland may make his arguments in his 2020 state criminal proceedings.
[47] *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.